UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUDY JAMES LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ANTIGUA MAINTENANCE CORPORATION, et al.,<br><br>    Defendants. | Case No. 2:18-cv-00457-GMN-PAL<br><br>**ORDER**<br><br>(Receipt of Initiating Docs. – ECF No. 1) |

This matter is before the court on Plaintiff Rudy James Lopez's failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Lopez has submitted a complaint as part of his initiating documents (ECF No. 1), but he did not submit an IFP application or pay the $400 filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying the $400 fee if the person files an IFP application, including an affidavit stating that he is financially unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The court will therefore instruct the Clerk of the Court to mail Lopez one blank copy of the IFP application. Mr. Lopez will have until **April 20, 2018**, to submit a completed IFP application or pay the $400 filing fee.

If Lopez submits a suitable IFP application and is granted IFP status, the court will then screen his complaint. Federal courts must screen any IFP complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). If the court determines that the complaint

1

states a plausible claim for relief, the Clerk of the Court will be directed to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed without prejudice and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In addition, the court notes that Mr. Lopez is currently proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. This case has been referred to the Pro Bono Pilot Program for "the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel." *See* Mar. 20, 2018 Order (ECF No. 4). However, a referral to the program does not guarantee that an attorney will be willing and available to accept the appointment.[1] Mr. Lopez must therefore comply with all procedural rules and court orders on his own behalf unless and until counsel files a notice of appearance.

The Local Rules of Practice require parties to file a certificate of interested parties identifying "all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case." LR 7.1-1(a). The certificate of interested parties must be filed with a party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." LR 7.1-1(c). Upon filing the complaint, Lopez was required to file his disclosure. *Id*. Mr. Lopez will have until **April 20, 2018**, to file a certificate of interested parties in compliance with LR 7.1-1.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall RETAIN the Complaint (ECF No. 1-1), but ***SHALL NOT*** issue summons.

/ / /

---

[1] Courts may request that an attorney represent party on a pro bono basis, but they cannot require counsel to do so or direct payment for a party's attorney's fees. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

2

2. The Clerk of the Court is instructed to mail Mr. Lopez one blank IFP application (AO 240).

3. Mr. Lopez shall have until **April 20, 2018**, to file an IFP application along with a signed and executed financial affidavit disclosing the applicant's income, assets, expenses and liabilities.

4. Alternatively, Lopez shall pay the $400 filing fee, accompanied by a copy of this Order, on or before **April 20, 2018**.

5. Mr. Lopez's failure to comply with this Order by: (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the $400 filing fee, before the deadline will result in a recommendation to the district judge that this case be dismissed.

6. Mr. Lopez shall file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **April 20, 2018**. Failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed.

Dated this 22nd day of March, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE